IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CURTIS UPKINS                                                                                            PLAINTIFF

VS.                                                                           CIVIL ACTION NO. 3:07cv520-JCS

SHERIFF MARK SHEPHEARD, et al.                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

This section 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint.  Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the undersigned concludes that the complaint should be dismissed with prejudice.

Plaintiff, a state inmate, was previously incarcerated at the Pike County Detention Center.  He brought this action alleging detention center health officials denied him medical care for pain in his left testicle.  Plaintiff admitted in his testimony that he was eventually seen by a nurse for his complaints and given pain pills.  He also admitted that the nurse consulted with a physician, who recommended ibuprofen.  Detention center health officials also made an appointment for Plaintiff to be seen by a urologist, but Plaintiff was transferred to another facility prior to the appointment date.  Upkins complains that he has never been given antibiotics for his condition, but he admitted that at no time as any physician recommended this or any treatment for his condition other than treatment for pain.

Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Plaintiff's

allegations do not meet these standards. Furthermore, although Plaintiff may disagree with the treatment he has received, an inmate's mere disagreement with the methods of medical treatment does not give rise to a constitutional claim. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

For these reasons, Plaintiff's claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), and this dismissal will count as a "strike.[1] A separate judgment will be entered.

So ordered and adjudged, this the 4th day of March, 2008.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE

---

[1] "The three-strikes provision of the Prison Litigation Reform Act bars prisoners from proceeding *in forma pauperis* in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).